1   Kenneth Barker & Lois Anne Barker,
2   2349 Royal Oaks Drive,
    Alamo, CA. 94507.
3   Phone ( 925 )  820-0198
    Fax.   ( 925 )  820-0198
4

5   Plaintiffs in Pro Se.

FILED

AUG 1 8 2008

6   **UNITED STATES DISTRICT COURT**

RICHARD W. WIEKING
U.S. DISTRICT COURT

7   **NORTHERN DISTRICT OF CALIFORNIA** DISTRICT OF CALIFORNIA
    NORTHERN DISTRICT OF CALIFORNIA

8
    KENNETH BARKER                        Case No. C08-02977- SI
9          &
    LOIS ANNE BARKER                      **PLAINTIFF'S NOTICE OF MOTION:**
10                                        **MOTION FOR JUDGMENT BY**
          Plaintiffs,                     **DEFAULT: OPPOSITION  TO**
11                                        **DEFENDANT'S MOTION**
                                          **TO DISMISS PLAINTIFF'S**
12          v.                            **COMPLAINT.**

13  ROUND HILL COUNTRY CLUB,
    CAROLE CARLUCCIO, GREG                **[Filed Concurrently with**
14  GONSALVES, DAVID PLOTNIK,             **Memorandum of Points**
    PETE DAVIS, MARVIN B. STARR,          **and Authorities. ]**
15  MILLER STARR REGALIA, DOES.
    1 through 50 inclusive.
16                                        Date:  Friday October 3, 2008
                                          Time: 9:00 a.m.
17          Defendants                    Dept:  10
                                          Judge: Hon. Susan Illston
18

19                                        Compliant Filed: June 17, 2008.

20  **TO DEFENDANTS' ROUND HILL COUNTRY CLUB ET.AL.**

21  Please take notice that on Friday, October 3, 2008 at 9:00.a.m. in Department 10 of the

22  United States District Court for the Northern District of California located at 450 Golden

23  Gate Avenue, San Francisco, CA. 94102 before the Honorable Judge Susan Illston,

24
    plaintiffs Kenneth Barker and Lois Anne Barker will move the court to grant a Default
25
26  Judgment for $1,800,000.00 against defendants Round Hill Country Club, Carole

27

1.

2  Carluccio, Greg Gonsalves, David Plotnik, Pete Davis, Marvin B. Starr, and Miller Starr

3  Regalia.

4  Plaintiff's Motion will be made on the grounds that all defendants inexcusably failed to

5  comply with 20 day time limit mandated by the Federal Summons, and Rule 12 ( a )(1 ) of

7  the Federal Rules of Civil Procedure, for answering the complaint which was served on

8  defendant Round Hill Country Club on June 20, 2008.

9  Plaintiff's Motion is based upon this Notice, the attached Memorandum of Points and

10  Authorities, the Affidavit by Kenneth Barker, and all documents attached thereto, and all

11  papers, records, and pleadings on file with the court.

14  Dated Aug/18/08

Kenneth Barker, Plaintiff In Pro Se.

2.

Kenneth Barker& Lois Anne Barker
2349 Royal Oaks Drive,
Alamo, CA. 94507.
Phone ( 925 ) 820-0198
Fax    ( 925 ) 820-0198

Plaintiffs In Pro Se.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH BARKER<br>&<br>LOIS ANNE BARKER<br><br>Plaintiffs<br><br>v.<br><br>ROUND HILL COUNTRY CLUB,<br>CAROLE CARLUCCIO, GREG<br>GONSALVES, DAVID PLOTNIK,<br>PETE DAVIS, MARVIN B. STARR,<br>MILLER STARR REGALIA, DOES<br>1 through 50 inclusive.<br><br>Defendants | Case No. C08-02977-SI<br><br>**MEMORANDUM OF POINTS AND AUTHOURITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT: OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT.**<br>**[ Summons, and Fed.R.Civ. Pro. Rule 12(a)(1)]**<br><br>Date: Friday October 3, 2008.<br>Time : 9:00 a.m.<br>Dept : 10<br>Judge: Hon. Susan Illston<br><br>Complaint Filed July 17, 2008 |

**1.**

## INTRODUCTION

1 ) On June 17, 2008, plaintiffs Kenneth Barker and Lois Anne Barker, filed a RICO

complaint ( Case No. 08- 02977 S I ) against the above noted defendants.

2 ) Defendant Round Hill Country Club ( hereinafter, RHCC ) was served with the

complaint on June 20,2008. Confirming proof of service records have been filed with the

court.

1   3 ) The Federal " Summons in a Civil Action ", and Rule 12(a)(1) of the Federal

2   Rules of Civil Procedure, state it is *mandatory* for defendant to serve an answer to the

3   complaint on *plaintiff within 20 days of the date of service, if not, defendant will be

4

5   *found in default.*

6   4 ) Defendant actually took 48 days to serve an answer on plaintiff. Subsequently, by letter

7   dated August 6, 2008 defendant's attorney William Fiske repeatedly lied to the court to

8   cover up defendant's failure to comply with the mandatory 20 day response time limit, and

9   thus avoid a default judgment.

10

11  5 ) Specifically: Defendant's " Proof Of Service " made under penalty of perjury, states on

12  July 10, 2008 defendant's Motion was served on the court and also on plaintiff by

13  "... electronic transmission... " That is totally false. No electronic transmission was

14  ever sent to plaintiffs' by defendant. Therefore, defendant's false " Proof Of Service "

15  constitutes serious perjury, conspiracy, and default per se.

16

17  6 ) Additionally, in material violation of F.R.C.P. Rule 11 ( b ), Fiske's letter of August 6,

18  2008 is rife with lies made to the court to cover up defendant's failure to comply with the

19  mandatory 20 day response time limit.

20

21  7 ) F.R.C.P. Rule 11(c) states in pertinent part: " If...the court determines Rule11( b) has

22  been violated, the court may impose an appropriate sanction..." Plaintiff, via separate

23  motion, has also filed for sanctions.

24  8 ) These Points and Authorities and Affidavit by Kenneth Barker show Rule 11( b)

25  was willfully violated by repeated lies by defendant's attorneys. Therefore, per RICO,

26  plaintiff respectfully asserts it is entitled to a judgment by default in the amount of

27  $1,800,000.00 which is threefold the amount the relief demanded in the complaint.

2.

11.

## POINTS AND AUTHOURITIES

### ARGUMENT AND LAW

**Requirements Of Federal Rules Of Civil Procedure-- Rule 11.**

9 ) Rule 11 ( b) of the Federal Rules of Civil Procedure, states in several pertinent parts, the following:

F.R.C.P. Rule 11 ( b )  Representations to the Court " By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances."

F.R.C.P. 11 Rule ( b )( 1)" it is not being presented for any improper use...."

F.R.C.P. Rule 11( b )( 2 ) " the claims, defenses, and other legal contentions are warranted by existing law or by nonfriviolous argument...."

F.R.C.P. Rule 11 ( b )( 3 ) " the factual contentions have evidentiary support..."

F.R.C.P. Rule 11 ( c )( 1 ) "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11 ( b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be jointly held responsible for a violation committed by it's partner, associate, or employee."

10 ) Plaintiff asserts defendants materially violated Rules 11( b)( 1 ),( b )(2 ) and ( b )( 3 ), by repeatedly lying to the court, and therefore, it is entitled to a default judgment.

3.

1

2    11 ) On August 4, 2008, plaintiff Kenneth Barker telephoned defendant's attorney William

3    Fiske. Fiske was notified plaintiff had not received an answer to the complaint which had

4

5    been served on June 20, 2008, and therefore, was due no later than July 10, 2008. Fiske

6    was requested to respond with a written response. The telephone call was recorded by a

7    letter of August 4, 2008 to the Clerk of the Court, with copy to Fiske.( **Exhibit No. 1** )

8    12 ) Defendant's attorney Fiske responded on August 6, 2008 by letter ( **Exhibit No. 2** )

9
     ( received on August 7, 2008 ). It transmitted a paper copy of a Motion To Dismiss the
10

11   Complaint, along with voluminous attachments. August 7, 2008 was the date plaintiff first

12   received an answer to the complaint, which was 48 days after the date of service.

13   Therefore, it was 28 days late for meeting the mandatory 20 day time limit for answering

14   the complaint, which constitutes default per se.

15

16                          **Defendant's Fraudulent Proof of Service**

17

18   13 ) Defendant's " Proof Of Service " attached to the Motion *is totally false*. ( **Exhibit 3** )

19   It states: " On July 10, 2008, *I served a copy of the within document(s)*

20
     **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS**
21   **PLAINTIFF'S COMPLAINT [ Fed. Civ. Pro.12(b)( 1) and 12 ( b )( 6 )]:**
     **MEMORANDUM OF POINTS AND Authorities IN SUPPORT OF DEFENDANT'S**
22   **MOTION TO DISMISS PLAINTIFF'S COMPLAINT: DECLARATION OF**
23   **WILLIAM S. FISKE AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF**
     **DEFENDANT'S MOTION TO DISMISS and [PROPOSED ] ORDER DISMISSING**
24   **PLAINTIFF'S COMPLAINT....**

25   *by transmitting by electronic transmission the document(s) listed above to the*

26   *person(s)listed below.*
27

4.

1   Kenneth Barker
    Lois Anne Barker
2   2349 Royal Oaks Drive
3   Alamo, CA. 94507." ( emphasis added )

4   14 ) Noteworthy, the Proof Of Service also stated:

5   " I declare **under penalty of perjury** under the laws of the State of California that the

6   foregoing is true and correct." ( emphasis added ).

7
8   15 ) **None of the above quoted statements are true. All are totally false !!**  Thus, the

9   above noted Rule 11( b ) mandates for truth, integrity, and good faith and fair dealings,

10  have been ignored and treated as scoff law by defendant's attorneys.

11  16 ) Litigants in *pro se* are automatically excused from E-filing.( **Exhibit No. 4** ) Therefore,

12  without the court's approval ( which was never given ) it was *impossible* for defendant to
13
14  serve a responsive Motion on plaintiff by " electronic transmission."

15  17 ) The court has strict requirements for allowing a *pro se* party to E-file. Firstly, a

16  *pro se* party must submit a motion to be approved by the judge (i.e. Honorable Judge
17
    Susan Illston ) before being allowed to E-file on their case. Only after the judge grants the
18
19  motion and the order appears on the docket may a the *pro se* party submit the required

20  registration form. Thereafter, the *pro se* party must be listed in EFC on the case mentioned

21  on the form.

22  18 ) Plaintiff never submitted an E-filing motion to the court. Nor did Honorable Judge
23
    Susan Illston approve plaintiff be allowed to E-file. Therefore, there is no order on the
24
25  docket. Therefore, there is no listing for an EFC. Therefore, it was *impossible* for

26  defendant to serve plaintiff with a responsive Motion by electronic transmission..." as

27  fraudulently claimed by the Proof Of Service.

5

1  19 ) Critically, other than defendant's fraudulent Proof Of Service, defendant provided no

2  proof that it served a copy of the Motion on plaintiff by the alleged " electronic

3  transmission ". Unquestionably, if such proof existed ( which it does not ) it would have

4

5  been an easy matter to obtain it from defendant's E-file computer records and produce it for

6  the court. Of course, defendant's confirming E-file records were not produced because they

7  do not exist, thus, again high lighting the falsity of defendant's representations.

8  20  ) On August 4, 2008 defendant's attorney Fiske was notified both verbally, and in

9

10  writing, ( **Exhibit No. 1**) of the failure to timely answer the complaint within the

11  mandatory 20 day time limit. Therefore, as required by F.R.C.P. Rule 11 ( c )( 1 ) Fiske

12  was given a reasonable opportunity to correct the false Proof Of Service.

13  21 ) Unquestionably, defendant's attorneys knew, or should have known, that for the

14  reasons stated above, it was ***impossible*** to serve a responsive motion to the complaint on

15
16  plaintiff by " electronic transmission ".  Nevertheless, not only did defendant's attorneys

17  refuse to correct the fraudulent Proof Of Service, by letter of August 6, 2008, they actually

18  repeated their lies, and moreover, told even more lies to cover up the failure to

19  comply with the mandatory 20 day time limit, and thus avoid a default judgment.

20  ### Defendant's False Letter of August 6, 2008.

21
22  19 )  Defendant's letter of August 6, 2008, was copied to the court ( **Exhibit No. 2** )

23  It is  rife with statements that are without foundation or basis in fact, as follows:

24
25  ### False Statement No. 1.

26  20 ) Defendant's letter of August 6, 2008 ( page 1 ) states:

27  " Pursuant to the applicable Local Rules of the U.S.D.C. for the Northern California

6.

1

2   District of California, and the Court's General Order No. 45, the defendants filed and

3   served a Motion under F̈.R.C.P. 12. *This is the defendant's response to your complaint.*

4

5   *It was timely and appropriately served and filed on July 10, 2008.*"( Emphasis added )

6                                          **Fact**

7   21 ) The summons served on defendant on June 20, 2008. ( **Exhibit No. 5** )It states:

8   " *Within 20 days after service of this summons on you ( not counting the day you received*

9

10  *it ) you must serve on the plaintiff an answer to the attached complaint or a motion under*

11  *Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served*

12  *must be served on the plaintiff's attorney, whose name and address are:*

13  KENNETH BARKER & LOIS ANNE BARKER
    2349 ROYAL OAKS DRIVE,
14  ALAMO, CA.94507.

15
    *If you fail to do so, judgment by default will be entered against you for the relief demanded*
16
17  *in the complaint. You must also file your answer or motion with the court.*"

18  22 ) Plaintiff received defendant's motion on August 7, 2008 . That date is 48 days after the

19  date of service, and therefore, 28 days late to meet the mandatory 20 day time limit for

20  answering the complaint. Accordingly, defendant's argument the Proof Of Service
21
    allegedly served  on plaintiff by  " electronic transmission ." ( *an impossibility* )
22
23  constituted  "... *timely and appropriately served and filed on July 10, 2008.*" is not only

24  a lie, it confirms serious perjury. Defendant violated the the summons and Rule 12.

25  Defendant's lies, perjury, and fraud, bring into very sharp focus their desperate attempt to
26
    avoid default judgment caused by  failure to timely respond to the complaint.
27

7.

1

2

## **False Statement No. 2**

3

4

23 ) Defendant's letter of August 6, 2008 ( page 3 ) states:

5

" The defendants filed and served their Motion in response to your complaint pursuant to

6

the aforementioned Local Rules and General Order No. 45. *Hence you were validly and*

7

*timely served with defendant's motion on the date it was e-filed via the ECF system."*

8

( Emphasis added )

9

10

## **Fact**

11

24 ) Defendant mis- quotes these sections. Neither the Local Rules nor General Order

12

No. 45 support defendant's statements. For response time to a complaint, both the Local

13

Rules and General Order No. 45. refer to the summons and F. R. C. P. Rule 12.They

14

require a response to a complaint within 20 days, or judgment by default will be entered

15

16

against defendant. Clearly, defendant's argument, *"hence you were validly and timely*

17

*served with defendant's Motion on the date it was e-filed via the EFC system* " is not

18

only untrue,( plaintiff was never served ) defendant's argument  is irrational and absurd.

19

20

## **False Statement No. 3**.

21

25 ) Defendant's letter of August 6, 2008 ( page 3 ) further states:

22

" Nevertheless, to quash any concerns about improper service to you a *pro se* litigant,

23

24

*enclosed with this letter is a complete copy of the defendant's Motion filed in response to*

25

*your complaint and proof of service*. Please note this mail service is timely pursuant to

26

Local Rule 7-2 given the October 3, 2008 hearing date of this Motion." ( Emphasis added )

27

8.

Fact

26 ) Importantly, ignoring defendant's lies, defendant admits August 7, 2008, was the date plaintiff was provided with a *" complete copy of the defendant's Motion filed in response to your complaint* and proof *of service."*.

27 ) The complaint was served on June 20, 2008. Therefore, a mandatory answer or motion was due no later than 20 days later, ( i.e. by July 10, 2008 ). Defendant's admits the Motion was served on plaintiff on August 7, 2008. That is is 48 days after service, being 28 days late to meet the mandatory 20 day time limit. That constitutes default per se.

28 ) Per RICO, defendant's failure to meet the 20 day time limit entitles plaintiff to a default judgment of threefold the $600,000.00 damages demanded in the complaint, for a total of $1,800,000.00

**111.**

**SUMMARY OF PLAINTIFF'S ARGUMENT**

30 ) Defendant's position is based upon multiple irrational lies made to try and mislead the court, and thus, avoid a judgment by default. Apparently,defendant's attorneys show no fear for the serious repercussions flowing from lying to the court under penalty of perjury.

31 ) Defendant's E-filed motion sent *only* to the court on July 10, 2008 without providing a paper copy of the Motion to plaintiff, unquestionably violates the summons and Rule 12. Therefore, defendant's argument of compliance it is illogical and absurd.

32 )Defendant's committed serious perjury and fraud by claiming *impossible* " electronic transmission " of service of the motion on plaintiff on July 10, 2008 . Particular attention should be given to defendant's many bald faced lies made under penalty of perjury by

9.

referral of defendant's attorneys to the Federal Department of Justice for criminal charges,

and imposition of large sanctions by the court per F.R.C.P. Rule 11(c )(1).

33 ) Defendant did not comply with the mandatory 20 day time limit for a an answer or

motion to the complaint. The complaint was served on June 20, 2008; an answer or motion

was due no later than July 10, 2008; it was actually served on plaintiff on August 7, 2008.

Therefore, defendant's missed the mandatory 20 day time limit by 28 days. That constitutes

default per se, entitling plaintiff, per RICO, to threefold the damages demanded in the

complaint for a sum of $1,800,000.00

34 ) Defendant's attorneys  repeated irrational lies made to mislead and hoodwink the court,

and thus, avoid a default judgment, bring to mind the words of the great Scottish poet, Sir

Walter Scott **" Oh what a tangled web we weave, when we first practice to deceive."**

**WHEREFORE,** Plaintiffs pray for:

1 )A default judgment be entered against defendants.

2 )Pursuant to RICO, the court award plaintiffs the sum of $1,800,000.00 which is threefold

the $600,000.00 amount demanded in the complaint, plus interest from the date of  the suit.

3 )Plaintiff be award it's legal costs and cost of suit.

4 )Defendants motion to dismiss the complaint be denied.

5 )Alternatively, if the court rules that defendant's motion was timely and properly served,

it is requested the court grant leave for plaintiffs to answer defendant's motion to dismiss

the complaint.

Respectfully submitted,

Dated: *Aug/18/08*

*Kenneth Barker.*

Kenneth Barker, Plaintiff In Pro Se.

10.

# KENNETH BARKER

2349 Royal Oaks Drive
Alamo, California 94507


Phone ( 925 ) 820 -0198


Clerk Of The Court,                                          August 4, 2004.
450 Golden Gate Avenue,
San Francisco,
CA. 94102.


RE: KENNETH BARKER AND LOIS ANNE BARKER v. ROUND HILL COUNTRY CLUB
ET.AL.  Case No. C08- 02977.

Dear Clerk of the Court,

On June 17, 2008, the undersigned filed Case No. C08- 02977 in the Oakland District
Court, and I was notified that the case had been transferred to the San Francisco Court.

Additionally. each of the defendants were promptly served  with the complaint by a
professional legal service firm.

To date, however, I have not received an answer to the complaint. I understand that an
electronic answer was filed by defendants, however, neither the defendant, nor the court, has provided
me with a copy of the answer. I understand that pursuant to court rules, the defendant must serve me
with a paper copy of the answer, which as stated above, has not been done.

Please promptly order the defendant to provide me with a written copy of it's answer.


Sincerely,

*Kenneth Barker.*

Kenneth Barker,

Plaintiff In Pro Se.


Copy –William Fiske –Attorneys For Defendants.

2



# **ARCHER**NORRIS

A PROFESSIONAL LAW CORPORATION

2033 North Main Street, Suite 800
Walnut Creek, CA 94598-3759
925.930.6600
925.930.6820 (Fax)
www.archernorris.com

WILLIAM S. FISKE
wfiske@archernorris.com
925.952.5451

August 6, 2008

## **VIA FACSIMILE & US MAIL**

Kenneth Barker
2349 Royal Oaks Drive
Alamo, CA 94507

> Re:     Barker, et al. v. Round Hill Country Club, et al.
> U.S. District Court, Case # 3:08-cv-02977-SI
> Our File No.:     R0095-011

Dear Mr. Barker:

My office is in receipt of your letter to the Clerk of the Court filed August 5, 2008.

Your complaint was designated subject to electronic case filing ("ECF") by the Clerk of the Court. This symbol is stamped onto the front of your filed complaint. Additionally, you served with your complaint documents discussing ECF Registration and the ECF status of this case.

Pursuant to the applicable Local Rules of the U.S.D.C. for the Northern District of California and the Court's General Order No. 45, the defendants filed and served a Motion under F.R.C.P. 12. This is the defendants' response to your complaint. It was timely and appropriately served and filed on July 10, 2008.

Please review the following Local Rules and General Order:

## **Local Rules for the U.S.D.C. for the Northern District of California**

### 3-9. Parties.

**(a) Natural Person Appearing *Pro Se*.** Any party representing him or herself without an attorney must appear personally and may not delegate that duty to any other person who is not a member of the bar of this Court. A person representing him or herself without an attorney is bound by the Federal Rules, as well as by all applicable local rules. Sanctions (including default or dismissal) may be imposed for failure to comply with local rules.

Kenneth Barker
August 6, 2008
Page 2

## 5-4. Electronic Case Filings.

Pursuant to FRCivP 5(d)(3), the Clerk will accept in certain actions documents filed, signed or verified by electronic means that are consistent with General Order No. 45, ' Electronic Case Filing." A document filed by electronic means in compliance with this Loca Rule constitutes a written document for the purposes of applying these Local Rules and the Fer eral Rules of Civil Procedure. The Clerk will provide notification in any case in which docume its must be filed electronically.

## 5-5. Manner of Service.

...

**(b) Cases Subject to Electronic Case Filing.** In cases subject to the Local Rules or General Orders of this Court regarding Electronic Case Filing, all pleadings and papers must be electronically served in accordance with those Rules or General Orders.

## General Order No. 45, Electronic Case Filing

V. Filing and Service of Documents.

4. Service and Answer. Upon the filing of a complaint in an action whi :h is subject to ECF, the plaintiff(s) shall serve notice upon the defendant(s) that the actio 1 is subject to ECF, and shall serve the ECF handout, received by the filer at the time of opening the case which contains information necessary for registration, together with he complaint. The defendant shall register to become an ECF User following the procet lures outlined at the ECF web site if not already registered. If the defendant is a registere l ECF User pursuant to Section II.D above, the answer shall be filed electronically. If the defendant is unable to electronically file the answer or other responsive document, it ma 1 be filed non-electronically, and the defendant shall within ten days submit the an; wer or other responsive documents in electronic form (PDF format only), to an e mail address for that purpose which may be found on the ECF web site, for attachment to docket entries previously made by the Clerk's Office.

VI. Electronic Filing.

1. Generally. In any case subject to electronic filing, all documents req 1ired to be filed with the Clerk shall be filed electronically on the ECF Web site, except a : provided otherwise in section VII or authorized otherwise by the court.

3. Completion of Filing. Electronic transmission of a document consis ent with the procedures adopted by the court shall, upon the complete receipt of he same by the Clerk and together with the receipt of a Notice of Electronic Filing from tl e court, constitute filing of the document for all purposes of the Federal Rules of Civil and Criminal Procedure and the Local Rules of this Court, and shall constitute entry of that document onto the docket maintained by the Clerk pursuant to Federal Rules of Civil Procedure 58 and 79, and to Federal Rules of Criminal Procedure 49 and 55.

Kenneth Barker
August 6, 2008
Page 3

IX. Service of Electronically Filed Documents

1. Generally. Parties in cases subject to ECF shall make available electronic mail addresses for service. Upon the filing of a document by a party, an e-mail message will be automatically generated by the electronic filing system and sent to all parties in the case. Receipt of this message shall constitute service on the receiving party. In addition to receiving e-mail notifications of filing activity, the parties are strongly encouraged to check the docket in their case on the electronic filing system at regular intervals. A PACER account will be necessary to check the electronic docket.

2. Parties in Cases Subject to ECF. The automatic e-mail message generated by the ECF system and sent to all parties whose e-mail addresses have been registered in the case, as described in Section A above, shall constitute service on the attorney or other persons in a case subject to ECF.

Here, upon receipt of your complaint, defense counsel noted that the case you initiated was designated for ECF filing and service by the Court. The defendants filed and served their Motion in response to your complaint pursuant to the aforementioned Local Rules and General Order No. 45. Hence, you were validly and timely served with the defendar ts' Motion on the date it was e-filed via the ECF system.

Nevertheless, to quash any concerns about improper service to you, a *pro se* litigant, enclosed with this letter is a complete copy of the defendants' Motion filed in response to your complaint and a proof of service. Please note that this mail service is timely pursuant to Local Rule 7-2 given the October 3, 2008 hearing date for this Motion.

We suggest that you request the Court's approval to register for ECF filing, which will make service of future moving papers and other documents much easier for both sides.

Very truly yours,

ARCHER NORRIS

*William S. Fiske*

William S. Fiske

WSF/tp
Enclosures (via US Mail, only)
cc:    Hon. Susan Illston (w/o encls.)

R0095011/688911-1

3

1  Lee A. Archer (Bar No. 038938)
   larcher@archernorris.com
2  William S. Fiske (Bar No. 246099)
   wfiske@archernorris.com
3  ARCHER NORRIS
   A Professional Law Corporation
4  2033 North Main Street, Suite 800
   Walnut Creek, California 94596-3759
5  Telephone:    925.930.6600
   Facsimile:    925.930.6620
6
   Attorneys for Defendants
7  ROUND HILL COUNTRY CLUB, GREG
   GONSALVES, DAVID PLOTNIK, CAROLE
8  CARLUCCIO, PETE DAVIS, MARVIN B.
   STARR, AND MILLER STARR REGALIA
9

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12

13  KENNETH BARKER and LOIS ANNE           Case No.  3:08-CV-02977-SI
    BARKER,
14                                         **PROOF OF ELECTRONIC SERVICE OF**
                   Plaintiffs,             **DEFENDANTS' NOTICE OF MOTION TO**
15                                         **DISMISS PLAINTIFFS' COMPLAINT**
           v.                              **PURSUANT TO FRCP 12(B)(1) AND**
16                                         **12(B)(6), MOTION TO DISMISS AND**
    ROUND HILL COUNTRY CLUB;               **DECLARATION OF WILLIAM S. FISKE**
17  CAROLE CARLUCCIO; GREG
    GONSALVES; DAVID PLOTNIK; PETE    Date:        Friday, October 3, 2008
18  DAVIS; MARVIN B. STARR; MILLER    Time:        9:00 a.m.
    STARR REGALIA; DOES 1 to 50       Dept:        10
19  inclusive,                        Judge:       Hon. Susan Illston

20                 Defendants.             Complaint Filed:  June 17, 2008

21

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///
    R0095011/679629-1

              PROOF OF ELECTRONIC SERVICE

1    **PROOF OF SERVICE**

2    **Name of Action:  Barker v. Round Hill Country Club, et al., U.S. District Court, Northern**
     **District of California, Case No. 3:08-CV-02977-SI**
3

4          I, the undersigned, declare that I am a citizen of the United States and employed in Contra
     Costa County, California.  I am over the age of eighteen years and not a party to the within-
5    entitled action.  My business address is 2033 North Main Street, Suite 800, Walnut Creek,
     California  94596-3759.  On July 10, 2008, I served a copy of the within document(s):
6
          **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**
7         **PLAINTIFFS' COMPLAINT [Fed. R. Civ. Pro. 12(b)(1) and 12(b)(6)];**
          **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
8         **DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT;**
          **DECLARATION OF WILLIAM S. FISKE AND REQUEST FOR JUDICIAL**
9         **NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS and**
          **[PROPOSED] ORDER DISMISSING PLAINTIFFS' COMPLAINT**
10

11   ☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set
          forth below on this date before 5:00 p.m.

12
     ☐    by placing the document(s) listed above in a sealed envelope with postage thereon
13        fully prepaid, in the United States mail at Walnut Creek, California addressed as
          set forth below.
14
     ☐    by placing the document(s) listed above in a sealed Overnight envelope and
15        affixing a pre-paid air bill, and causing the envelope to be delivered to a Overnight
          agent for delivery.
16

17   ☒    by transmitting by electronic transmission the document(s) listed above to the
          person(s) set forth below.
18
     Kenneth Barker                          Plaintiffs
19   Lois Anne Barker                        Phone and Fax: (925) 820-0198
     2349 Royal Oaks Drive
20   Alamo, CA 94507

21        I declare that I am employed in the office of a member of the bar of this court at whose
     direction the service was made.
22

23        I declare under penalty of perjury under the laws of the State of California that the
     foregoing is true and correct.  Executed on July 10, 2008, at Walnut Creek, California.
24

25                                              _____
26                                                     Tracy L. Pico

27

28

R0095011/679130-1

4

# Pro Se or Pro Per

Last updated: 05/04/07



| ◄ Back | ■ Home | ▲ Up |

# Pro Se Litigants in CM/ECF

1. **Pro Se parties** are not required to E-file, and are automatically excused from E-filing.

2. **Here are the steps required for a *pro se* party to e-file:**
   a. The *pro se* party must be able to meet all the <u>technical requirements</u>.
   b. The *pro se* party must abide by all e-filing and other <u>rules and orders</u> of the court.
   c. The *pro se* party must submit a motion to the court to be allowed to e-file on their case.
   d. **ONLY AFTER** the judge grants the motion **AND** that order appears on the docket may the *pro se* party submit the registration form located below (do not use the attorney ECF registration process).

3. **What happens next:**
   a. As it states clearly on the registration form, the court must receive both the ink-signed hard-copy and an emailed "soft-copy" of the form. When the registration form is received via email AND delivery (*both*), the ECF Helpdesk will validate the following:

      -- All mandatory fields on the form <u>must</u> be complete.

      -- The *pro se* party <u>must</u> be listed in ECF on the case mentioned on the form.

      -- The order granting the motion for the *pro se* party to e-file <u>must</u> already appear on the docket.

   b. The ECF Helpdesk will then process the registration and the *pro se* party will receive their e-filing password via email about 3 days after the signed registration form has been received at the court.

## GENERAL ORDER NO. 45

## ELECTRONIC CASE FILING

### I.   Rules and Orders.

A. Authorization. Local Rule 5-4 authorizes electronic filing in conjunction with Federal Rule of Civil Procedure 5(e) and Federal Rule of Criminal Procedure 49(b) and (d). The following policies shall govern electronic filing in this district.

B. Modification by the court. In extraordinary circumstances in a particular case, a judge may modify these policies in the interest of justice.

C. Applicability of Other Rules and Orders. Unless modified by approved stipulation or order of the court or a judge, all Federal Rules of Civil and Criminal Procedure, Local Rules, and orders of the court shall continue to apply to cases which are subject to electronic filing.

### II.   Definitions and Instructions.

The following definitions and instructions shall apply to these policies regarding electronic filing:

A. The term "ECF" refers to the court's Electronic Case File program.

B. The term "ECF web site" refers to the official Electronic Case File Internet site of the Northern District of California at http://ecf.cand.uscourts.gov.

C. "Electronic Filing" refers to the process of logging in to the court web site and completing a transaction which includes the uploading of the document(s) comprising the filing to the court's system. Sending a document by email does not constitute an electronic filing.

D. The term "party" shall include counsel of record.

E. An "ECF User", as set forth in Section 4 below, is a person who is registered to use the ECF site. An ECF login is an attorney's individual electronic signature equivalent.

F. The "E-Mail Address of Record" is the e-mail address of each party to the case as maintained by the Clerk.

G. A "Notice of Electronic Filing" is generated automatically by the ECF system upon completion of an electronic filing. The Notice of Electronic Filing when e-mailed to the e-mail addresses of record in the case acts as the proof of service.

H. All hours stated shall be Pacific time.

I. All days are calculated according to the provisions of Federal Rule of Civil Procedure 6(a).

J. "PACER" is the Federal Judiciary's system for Public Access to Court Electronic Records. A PACER account is required for retrieving documents from the ECF system as it is for most Judiciary online systems. A firm may register for a PACER account by visiting the PACER Service Center's web site at http://pacer.psc.uscourts.gov.

K. Procedures and instructions for using the Court's ECF system consistent with these policies may be found on the ECF web site. The ECF web site, as well as providing access to filing and retrieval of documents, also contains instructions, a user manual, tutorials, an extensive posting concerned with Frequently Asked Questions ("FAQs"), bulletins of changes in the program, including its software, etc.

L. The term "PDF" refers to Portable Document Format, a specific computer file format which is the only format in which a document may be electronically filed. Information about PDF can be found on the ECF web site. (See also Sec. VI.B.)

## III.    Selection of Cases.

Except for certain types of cases, all cases shall be presumptively designated for participation in the court's ECF program. A list of the types of cases exempt from e-filing may be found on the ECF web site. In the event that a pro se party obtains counsel in a case which had been excluded from e-filing because of pro se party status, the case will be automatically designated for the e-filing program.

## IV.    Registration, Appearance and Access.

A. Obligation to Register. Each attorney of record is obligated to become an ECF User and be assigned a user ID and password for access to the system upon notification that the action is subject to ECF. Registration shall be on a form prescribed by the Clerk. Attorneys of record who fail to register timely shall be subject to such sanctions as may be imposed by the Court.

B. Obligation to Keep Account Information Current. An e-filer login account is a permanent, individual electronic signature equivalent for a particular attorney. Registered attorneys are required to keep their account information current. Account information may be updated online at the ECF web site.

C. Notification of Appearance. Because the ECF system's e-mailed Notices of Electronic Filing (see Sec. II.G) will only be delivered to the original addressee, it is important to keep the list of counsel current. Counsel shall follow these instructions:

1.) A Notice of Appearance should be filed whenever counsel joins a case.

2



AO 440 (Rev. 03/08)  Civil Summons

# UNITED STATES DISTRICT COURT

for the

Northern District of California

KENNETH BARKER & LOIS ANNE BARKER )
_____ )
Plaintiff )
v. )                                   Civil Action No.
SEE ATTACHED LIST OF NAMES )                    C08-02977
_____ )
Defendant )

### Summons in a Civil Action

To:      SEE ATTACHED LIST OF NAMES
_____
*(Defendant's name)*

A lawsuit has been filed against you.

Within   20   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, whose name and address are:

KENNETH BARKER & LOIS ANNE BARKER
2349 ROYAL OAKS DRIVE
ALAMO, CA    94507

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Richard W. Wieking
_____
Name of clerk of court

JUN 1 1 2008

Date: _____

CYNTHIA LENAHAN
_____
Deputy clerk's signature

*(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).)*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA.

The names of the defendants are as follows:

1 ) ROUND HILL COUNTRY CLUB.

2 ) CAROLE CARLUCCIO.

3 ) GREG GONSALVES.

4 ) DAVID PLOTNIK.

5 ) PETE DAVIS

6 ) MARVIN B. STARR.

7 ) MILLER STARR REGALIA.

8 ) DOES 1 THROUGH 50 INCLUSIVE. These are fictitious names. When real names are

ascertained they will be identified and added as named defendants to this lawsuit.