FILED

08 AUG 25  PM 2: 29

1    Kenneth Barker & Lois Anne Barker,
     2349 Royal Oaks Drive,
2    Alamo, CA. 94507.
     Phone ( 925 ) 820-0198
3    Fax.  ( 925 ) 820-0198
4
     Plaintiffs in Pro Se.
5

6                    UNITED STATES DISTRICT COURT

7                   NORTHERN DISTRICT OF CALIFORNIA

8    KENNETH BARKER                         Case No. C08-02977- SI
               &
9    LOIS ANNE BARKER

10                                          **PLAINTIFF'S NOTICE OF**
         Plaintiffs,                        **MOTION:MOTION FOR**
11                                          **SANCTIONS**

12            v.                            **[ Filed Concurrently with**
                                            **Memorandum of Points**
13   ROUND HILL COUNTRY CLUB,               **and Authorities. ]**
     CAROLE CARLUCCIO, GREG
14   GONSALVES, DAVID PLOTNIK,
     PETE DAVIS, MARVIN B. STARR,           Date: Friday October 3, 2008
15   MILLER STARR REGALIA, DOES.            Time: 9:00 a.m.
     1 through 50 inclusive.                Dept: 10
16                                          Judge: Hon. Susan Illston
17       Defendants
                                            Compliant Filed: June 17, 2008.
18

19

20   **TO  ROUND HILL COUNTRY CLUB ET.AL.**

21   Please take notice that on Friday, October 3, 2008 at 9:00.a.m. in Department 10 of the

22   United States District Court for the Northern District of California located at 450 Golden

23   Gate Avenue, San Francisco, CA. 94102 before the Honorable Judge Susan Illston,

24   plaintiffs Kenneth Barker and Lois Anne Barker will move the court to grant a Motion for

25   Sanctions against  defendants Round Hill Country Club, Carole Carluccio, Greg Gonsalves,

26
27

                                    1.

David Plotnik, Pete Davis, Marvin B. Starr, Miller Starr Regalia, and defendant's attorneys, Lee Archer and William Fiske. Plaintiff will seek sanctions in the amount of $50,000.00 each for defendant Round Hill Country Club et.al and for it's attorneys Lee Archer and William Fiske. Plaintiff will also seek to have Lee Archer and William Fiske barred from practicing law before the Federal court.

Plaintiff's Motion for Sanctions will be made on the grounds that by a false Proof of Service made under penalty of perjury dated July 10, 2008, and subsequent letter copied to the court dated August 6, 2008, defendant and it's attorneys Lee Archer and William Fiske grossly violated Rule 11 ( b ) of the Federal Rules of Civil Procedure. Plaintiff will allege defendant's conduct is inexcusable and outrageous.

Plaintiff's Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the Affidavit by Kenneth Barker, and all documents attached thereto, and all papers, records, and pleadings on file with the court.

Dated 08/25/08

Kenneth Barker, Plaintiff In Pro Se.

1  Kenneth Barker& Lois Anne Barker
2  2349 Royal Oaks Drive,
   Alamo, CA. 94507.
3  Phone ( 925 ) 820-0198
   Fax    ( 925 ) 820-0198
4  Plaintiffs In Pro Se.

5  **UNITED STATES DISTRICT COURT**

6  **NORTHERN DISTRICT OF CALIFORNIA**

7

8  KENNETH BARKER
           &
9  LOIS ANNE BARKER                 **Case No. C08-02977- SI**

10     Plaintiff              **MEMORANDUM OF POINTS
                              AND AUTHOURITIES IN
11                            SUPPORT OF PLAINTIFF'S
       v.                     MOTION FOR SANCTIONS.**
12
13 ROUND HILL COUNTRY CLUB,    **[Fed. R.Civ.Pro. Rule 11(c)(1)]**
   CAROLE CARLUCCIO, GREG
14 GONSALVES, DAVID PLOTNIK,       Date:    Friday October 3, 2008.
   PETE DAVIS, MARVIN B. STARR,    Time:    9:00 a.m.
15 MILLER STARR REGALIA, DOES       Dept:    10
   1 through 50 inclusive.         Judge:   Hon. Susan Illston
16
17     Defendant               Complaint Filed June 17, 2008
18
19                            **1.**

20                      **INTRODUCTION**

21 1 ) On June 17, 2008, plaintiff Kenneth Barker and Lois Anne Barker, filed a RICO

22 complaint ( Case No. 08- 02977 S I ) against the above noted defendant.

23 2 ) Defendant Round Hill Country Club ( hereinafter, RHCC ) was served with the
24
25 complaint on June 20, 2008, ( **Exhibit No. 1** )requiring a mandatory answer or motion

26 within 20 days of service ( i.e. by July 10, 2008 ) or be found in default pursuant to the

27 mandates of the Summons and F.R.C.P. Rule 12 (a )(1 ).

1.

4 ) Defendant actually took until August 7, 2008, which is <u>48</u> days after service, to serve a

motion on plaintiff. Critically, however, under penalty of perjury, defendant fabricated a

false Proof Of Service claiming plaintiff had been properly and timely served with a

Motion on July 10, 2008, via an alleged " ...electronic transmission ...".

After written notice to the contrary, defendant responded by letter of August 6, 2008.

Again, defendant repeatedly claimed plaintiff had been properly and timely served  with a

Motion via an alleged "... electronic transmission... " on July 10, 2008.

5 ) Plaintiff, therefore, alleges:

i ) Defendants fabricated a false Proof Of Service dated July 10, 2008. Not only did

defendant's not serve a Motion on plaintiff on July 10, 2008 by alleged " ...electronic

transmission..." it was actually *__impossible__* for defendants to do so.

ii ) Defendants letter of August 6, 2008 was sent to the court. It is rife with lies to cover up

defendant's failure to meet the <u>20</u> day time limit, and thus, avoid a judgment by default.

iii ) Defendant actually served a motion to the complaint on plaintiff on August 7, 2008.

That is <u>48</u> days after service on June 20, 2008, and <u>28</u> days late for meeting the mandatory

<u>20</u> day response time limit ( i.e. July 10, 2008 ) mandated by the Summons and F.R.C.P.

Rule 12 (a )( 1 ).

iv ) Defendant failure to meet the mandatory <u>20</u>  day  mandatory time limit for an answer or

Motion to plaintiff for the complaint places defendant in default. Therefore, plaintiff has

won the lawsuit, entitling plaintiff to and award of $,1,800,000.00, which per RICO, is

threefold the $600,000.00 damages demanded in the complaint.

v ) Defendant's fabrication of a false Proof Of Service, followed by it's spurious August 6, 2008, letter sent to the court, is off the charts. It is beyond the pale ! It is inexcusable outrageous conduct. It disrespects, demeans, and dishonors, the United States system of justice, and fair play.

5 )For the forgoing reasons, plaintiff requests that this court impose sanctions of $50,000.00 ( to be retained by the court ) on defendant, and $50,000.00 each on their attorney's Lee Archer and William Fiske. Additionally, Archer and Fiske should be prohibited from practicing law in Federal Court.

## 11.

## POINTS AND AUTHOURITIES

## ARGUMENT AND LAW

### Requirements Of Federal Rules Of Civil Procedure-- Rule 11.

6 ) Rule 11( b) through Rule 11( b )( 3 ) of the Federal Rules of Civil Procedure, mandate reasonable conduct, good faith and fair dealings, and strict ethical standards for all who utilize the United States Federal Court.

7 ) Plaintiff asserts defendant and it's attorneys Lee Archer and William Fiske grossly violated Rules 11( b)( 1 ),( b )(2 ) and ( b )( 3 ), by fabricating a false "... electronic transmission... " Proof Of Service, and thereafter, by letter of August, 6, 2008, repeatedly lying to the court to avoid a judgment by default.

8 )Plaintiff argues defendant's conduct is so wrongful, inexcusable, and outrageous, that the requested sanctions should be imposed, and Archer and Fiske be denied the privilege of practicing law practice in the United States  Federal Court

3

## Defendant's False and Fabricated Proof of Service.

1

2   9 ) On August 4, 2008, plaintiff Kenneth Barker telephoned defendant's attorney William

3   Fiske. Fiske was notified plaintiff had not received an answer to the complaint which had

4   been served on June 20, 2008, and therefore, was due no later than July 10, 2008. Fiske

5   was requested to respond with a written answer. The telephone call was recorded by a

6   letter of August 4, 2008  to the Clerk of the Court, with copy to Fiske.( **Exhibit No. 2** )

7

8   10 ) Defendant's attorney William Fiske responded on August 6, 2008 by letter

9   ( **Exhibit No. 3** ) ( received on August 7, 2008 ). It transmitted a paper copy of a Motion To

10  Dismiss the Complaint, along with voluminous attachments. Therefore, August 7, 2008

11  was the date plaintiff first received a Motion  to the complaint, which was 48 days after the

12  date of service. Therefore, it was 28 days late for meeting the mandatory 20 day time limit

13
    for answering the complaint, which constitutes default per se.
14

15  11 ) Defendant's two ( 2 ) page " Proof Of Service " attached  to the Motion ( **Exhibit 4** )

16  alleging proof of service by  ...electronic transmission ..." *is fabricated and totally false.*

17  It materially states:  " On July 10, 2008, *I served a copy of the within document(s )*

18
    **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS**
19  **PLAINTIFF'S COMPLAINT [ Fed. Civ. Pro.12(b)( 1) and 12 ( b )( 6 )]:**
20  **MEMORANDUM OF POINTS AND AUTHOURITIES IN SUPPORT OF**
    **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT:**
21  **DECLARATION OF WILLIAM S. FISKE AND REQUEST FOR JUDICIAL**
    **NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS and**
22  **[PROPOSED ] ORDER DISMISSING PLAINTIFF'S COMPLAINT**

23
    *by transmitting by electronic transmission the document(s) listed above to the*
24

25  *person(s)listed below.*
    Kenneth Barker
26  Lois Anne Barker
    2349 Royal Oaks Drive
27  Alamo, CA. 94507." ( emphasis added )

4

12 ) The Proof Of Service also stated:

" I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare *under penalty of perjury* under the laws of the State of California that the foregoing is true and correct." Executed on July 10, 2008 at Walnut Creek, California."

( emphasis added )

13 ) **The above quoted statements are false.** No "... electronic transmission..." of any kind was ever sent by defendant to plaintiff. Moreover, as described below, it was *impossible* for defendant to serve plaintiff with a Motion via " ...electronic transmission..."

14 ) Plaintiff is a litigant in *pro se.* Therefore, plaintiff is automatically excused from E-filing. ( **Exhibit No. 5** ) Without the court's express approval ( which was never given ) it was *impossible* for defendant to serve a responsive Motion on plaintiff by " ...electronic transmission..."

15 ) The court has strict requirements that must be met before a *pro se* party in allowed to E-file. Firstly, a *pro se* party must submit a Motion to be approved by the judge ( i.e. Honorable Judge Susan Illston ) before being allowed to E-file on their case. Only after the judge grants the Motion and the order appears on the docket may a the *pro se* party submit the required registration form. Thereafter, the *pro se* party must be listed in EFC on the case mentioned on the form.

16 ) Plaintiff never submitted an E-filing Motion to the court. Nor did Honorable Judge Susan Illston ever approve plaintiff be allowed to E-file. Therefore, there is no order on the docket. Therefore, there is no listing for an EFC. Therefore, it was *impossible* for

5.

1    defendant to serve plaintiff with a responsive Motion on July 10, 2008 by "... electronic

2    transmission..." as falsely claimed by the Proof Of Service.

3
4    17 ) Critically, other than defendant's fabricated and fraudulent Proof Of Service, defendant

5    provided no proof that it served a copy of the Motion on plaintiff by the alleged

6    " ...electronic transmission.. ". Unquestionably, if such proof existed ( which it does not )

7    it would have been an easy matter for defendant to obtain it from it's E-file computer

8    records and produce it for the court. Of course, defendant's confirming E-file records were
9
10   never produced because they do not exist. Thus, again high lighting the falsity of

11   defendant's representations.

12   18 ) On August 4, 2008 defendant's attorney Fiske was notified verbally, and further

13   notified in writing, ( **Exhibit No. 2**) of defendant's failure to timely answer the complaint

14   within the mandatory 20 day time limit. Per F.R.C.P. Rule 11 ( c )( 1 ) Fiske was given a
15
16   reasonable opportunity to correct the false Proof Of Service. However, a truthful Proof Of

17   Service would record plaintiff was first served with the Motion 48 days after service, on

18   August 7, 2008. Therefore, defendant was 28 days late to meet the 20 day mandatory

19   response time limit to the complaint, which constituted default per se.
20

21            **Defendant's Attorneys Fabricated A False Proof Of Service**

22   19 ) Defendant was well aware that it had failed to meet the 20 day mandatory time limit
23
24   for an answer or Motion to the complaint. Therefore, defendant had two ( 2 ) choices: lie or

25   tell the truth.

26   i ) Firstly: Defendant could truthfully acknowledge it failed to respond to the complaint

27   within the 20 day mandatory time limit.

6.

Alternatively,

ii )Secondly: Defendant could fabricate a false Proof of Service claiming plaintiff was

properly and timely served on July 10, 2008 with the Motion to the complaint by

"... electronic transmission...". Thereafter, defendant would lie to the court, via it's

letter of August 6, 2008, to avoid a judgment by default.

20 ) *Defendant and it's attorneys had a very strong monetary motive to lie.* Therefore, not

surprisingly, defendant and it's attorneys, lied. Defendant's attorneys fabricated a false

" ...electronic transmission... " Proof Of Service, and thereafter, defendant lied to the

court to avoid a default judgment. Defendant's fabrications and lies are inexcusable and

outrageous.

### Defendant's False Letter Of August 6, 2008.

21 )  Defendant's letter of August 6, 2008, was copied to the court ( **Exhibit No. 3** )

It is rife with lies made to cover up it's failure to meet the 20 day mandatory time limit by

an answer or Motion to the complaint.

### Lie No. 1

22 ) Defendant's letter of August 6, 2008 states: ( page 1 )

" Pursuant to the applicable Local Rules of the U.S.D.C. for the Northern California

District of California, and the Court's General Order No. 45, the defendants filed and

served a Motion under F.R.C.P. 12. *This is the defendant's response to your complaint.*

*It was timely and appropriately served and filed on July 10, 2008.*"( Emphasis added )

### Fact

23 ) The summons served on defendant on June 20, 2008. ( **Exhibit No. 6** ) It states:

" *Within 20 days after service of this summons on you ( not counting the day you*

7.

1  *received it ) you must serve on the plaintiff an answer to the attached complaint or a*

2  *motion under* **Rule 12 of the Federal Rules of Civil Procedure.** *The answer or motion*

3
   *must be served must be served on the plaintiff's attorney, whose name and address are:*
4
5  KENNETH BARKER & LOIS ANNE BARKER
   2349 ROYAL OAKS DRIVE,
6  ALAMO, CA.94507.

7  *If you fail to do so, judgment by default will be entered against you for the relief*

8
   *demanded in the complaint. You must also file your answer or motion with the court."*
9
10 ( emphasis added )

11 24 ) Therefore, defendant's further representation that  the Motion and Proof Of Service

12  served  on plaintiff by  " electronic transmission ." ( *an  impossibility* )  "... *was timely*

13 *and appropriately served and filed on July 10, 2008."*  is not only an outrageous brazen

14 lie, it confirms serious perjury.

15
                                    **Lie No. 2**
16
17 25 ) Defendant's letter of August 6, 2008 further states: ( page 3 )

18 " The defendants filed and served their Motion in response to your complaint pursuant to

19 the aforementioned Local Rules and General Order No. 45. *Hence you were validly and*

20 *timely served with defendant's motion on the date it was e-filed via the ECF system."*

21
22 ( Emphasis added )
                                      **Fact**
23
24 26 )As explained above, it was *impossible* for defendant to serve a motion on plaintiff via

25  " electronic transmission.".Nevertheless, defendant brazenly repeated it's lie via :

26 *"hence you were validly and timely served with defendant's Motion on the date it was*

27 *e-filed via  the EFC system "*

1

2

**Lie No. 3**.

3   27 ) Defendant's letter of August 6, 2008 further states:( page 3 )

4   " Nevertheless, to quash any concerns about improper service to you a *pro se* litigant,

5   *enclosed with this letter is a complete copy of the defendant's Motion filed in response to*

6

7   *your complaint and proof of service*. Please note this mail service is timely pursuant to

8   Local Rule 7-2 given the October 3, 2008 hearing date of this Motion." ( Emphasis added )

9   Fact

10   28 ) Ignoring defendant's further lies, defendant admits August 7, 2008, was the date

11   plaintiff was provided with a *" complete copy of the defendant's Motion filed in*

12

13   *response to your complaint* **and proof** *of service."* .

14   29 ) As explained above, the complaint was served on June 20, 2008. Therefore, a

15   mandatory answer or Motion was due no later than 20 days later, ( i.e. by July 10, 2008 ).

16   Defendant's admits the Motion was served on plaintiff on August 7, 2008. That is is 48

17   days after service, being 28 days late to meet the mandatory 20 day time limit. That

18

19   constitutes default per se.

20   30 ) Plaintiff has previously filed a motion for a judgment by default for defendant's failure

21   to meet the mandatory 20 day time limit, and per RICO, for threefold the $600,000.00

22   damages demanded in the complaint, for a total of $1,800,000.00.

23

24   31 ) Defendant had a *strong motive* to fabricate a false Proof Of Service of July 10, 2008,

25   and thereafter, subsequently lie to the court by letter of August 6, 2008. Defendant's

26   *motive* was to avoid a judgment by default, followed by threefold the damages demanded

27   in the complaint as mandated by RICO.

9.

111.

## SUMMARY

Defendant's fabrications and lies are unconscionable, inexcusable, and outrageous. Such

conduct is anathema to the United States of America system of justice. Defendant's

therefore, are well deserving of the requested sanctions and revoking the privileges of Lee

Archer and William Fiske to practice in Federal Court.

**WHEREFORE**, plaintiff prays for:

1 ) Judgment against defendant and it's attorneys Lee Archer and William Fiske.

2 ) Sanctions be imposed by the court in the amount of $50,000.00 each ( to be retained by

the court) on the defendant, and it's attorneys Lee Archer and William Fiske.

3 ) The privilege to practice in Federal Court be revoked for Lee Archer and William Fiske.

4 ) Plaintiff be reimbursed it's legal fees in the estimated amount of $3,850.00.

5 ) For further relief and action deemed necessary by the court.

Dated 08/25/08                                    Respectfully submitted,

                                                  Kenneth Barker, Plaintiff In Pro se.



| rney or Party without Attorney:<br>KENNETH BARKER<br>2349 ROYAL OAKS DRIVE<br>ALAMO, CA<br>Telephone No: 925-820-0198          FAX No: | | | | For Court Use Only |
|---|---|---|---|---|
| Attorney for: Plaintiff | Ref. No or File No.: | | | |
| Insert name of Court, and Judicial District and Branch Court: | | | | |
| United States District Court, Northern District Of California | | | | |
| Plaintiff: BARKER | | | | |
| Defendant: ROUND HILL COUNTRY CLUB | | | | |

| PROOF OF SERVICE<br>By Mail | Hearing Date: | Time: | Dept/Div: | Case Number:<br>C0802977ADRSI |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occured.

2. I served copies of the Summons In A Civil Case And Complaint; Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California, Notice Of Availability Of Magistrate Judge To Exercise Jurisdiction, Consent To Proceed Before A United States Magistrate Judge, Ecf Registration Information Handout, Instructions For Completion Of Adr Forms, Blank Notice Of Need For Adr Phone Conference, Adr Certification By Parties And Counsel, Blank Stipulation And (Proposed) Order Selecting ADR Process, Blank Notice Of Lawsuit And Request For Waiver Of Service Of Summons, Blank Waiver Of Service Of Summons, Dispute Resolution Procedures, Order Setting Initial Case Management Conference And Adr Deadlines, Case Management Conference Order, Contents Of Joint Case Management Statement, Judge Illston's Standing Order, Local Rules

3. By placing a true copy of each document in the United States mail, in a sealed envelope by **First Class** mail with postage prepaid as follows:

    a. Date of Mailing:               Fri., Jun. 20, 2008<br>    b. Place of Mailing:              Walnut Creek, CA  94595<br>    c. Addressed as follows:          ROUND HILL COUNTRY CLUB<br>                                 3169 ROUND HILL ROAD<br>                                 ALAMO, CA  94507

4. I am readily familiar with the business practice for collection and processing of correspondence as deposited with the U.S. Postal Service on Fri., Jun. 20, 2008 in the ordinary course of business.

5. *Person Serving:*                               Recoverable Cost Per CCP 1033.5(a)(4)(B)

    a. VANESSA A. LOPEZ                    d. **The Fee** for Service was:   $85.00<br>    b. One Hour Delivery Service              e. I am: (3)  registered California process server<br>       1280 Boulevard Way #205                    *(i)*    Employee<br>       Walnut Creek, CA  94595                   *(ii)  Registration No.:*   641<br>    c. .925-947-1100, FAX 925-947-3480         *(iii)  County:*       CONTRA COSTA

8. *I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.*

Date:Fri, Jun. 20, 2008

                                                   (VANESSA A. LOPEZ)

Judicial Council Form<br>Rule 2.150.(a)&(b) Rev January 1, 2007                  **PROOF OF SERVICE**<br>                                  **By Mail**                             barkkb.12004

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE |
|---|

| Service of the Summons and complaint was made by me[1] | SEE ATTACHED LIST | DATE 6/20/08    2:46PM |
|---|---|---|

| NAME OF SERVER (PRINT)   KENNETH L. FOSTER | TITLE   CALIFORNIA REGISTERED PROCESS SERVER #591/CONTRA COSTA COUNTY |
|---|---|

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☒ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: ROUND HILL COUNTRY CLUB BY SERVING GREG GONSALVES, GENERAL MANAGER AT 3169 ROUND HILL ROAD
                                                                              ALAMO, CA 94507

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES $85.00 | TOTAL  $85.00 |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  6/25/08
                  Date

*Signature of Server*
ONE HOUR LEGAL SERVICE
1280 BOULEVARD WAY SUITE 205
WALNUT CREEK, CA 94595

*Address of Server*
               (925) 947-3470

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

SUMMONS IN A CIVIL CASE AND COMPLAINT; CONSENTING TO A MAGISTRATE JUDGE'S
JURISDICTION IN THE NORTHERN DISTRICT OF CALIFORNIA, NOTICE OF
AVAILABILITY OF MAGISTRATE JUDGE TO EXERCISE JURISDICTION, CONSENT TO
PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE, ECF REGISTRATION
INFORMATION HANDOUT, INSTRUCTIONS FOR COMPLETION OF ADR FORMS, BLANK
NOTICE OF NEED FOR ADR PHONE CONFERENCE, ADR CERTIFICATION BY PARTIES
AND COUNSEL, BLANK STIPULATION AND (PROPOSED) ORDER SELECTING ADR
PROCESS, BLANK NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF
SUMMONS, BLANK WAIVER OF SERVICE OF SUMMONS, DISPUTE RESOLUTION
PROCEDURES, ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR
DEADLINES, CASE MANAGEMENT CONFERENCE ORDER, CONTENTS OF JOINT CASE
MANAGEMENT STATEMENT, JUDGE ILLSTON'S STANDING ORDER, LOCAL RULES

2

**KENNETH BARKER**

2349 Royal Oaks Drive

Alamo, California 94507


Phone ( 925 ) 820 -0198


Clerk Of The Court,                                              August 4, 2004.

450 Golden Gate Avenue,

San Francisco,

CA. 94102.


RE: KENNETH BARKER AND LOIS ANNE BARKER v. ROUND HILL COUNTRY CLUB
ET.AL.  Case No. C08- 02977.

Dear Clerk of the Court,

On June 17, 2008, the undersigned filed Case No. C08- 02977 in the Oakland District
Court, and I was notified that the case had been transferred to the San Francisco Court.

Additionally. each of the defendants were promptly served  with the complaint by a
professional legal service firm.

To date, however, I have not received an answer to the complaint. I understand that an
electronic answer was filed by defendants, however, neither the defendant, nor the court, has provided
me with a copy of the answer. I understand that pursuant to court rules, the defendant must serve me
with a paper copy of the answer, which as stated above, has not been done.

Please promptly order the defendant to provide me with a written copy of it's answer.


Sincerely,

*Kenneth Barker*

Kenneth Barker,

Plaintiff In Pro Se.


Copy –William Fiske –Attorneys For Defendants.

# KENNETH BARKER

2349 Royal Oaks Drive
Alamo, California 94507

Phone ( 925 ) 820 -0198

Clerk Of The Court,                                        August 4, 2004.
450 Golden Gate Avenue,
San Francisco,
CA. 94102.

RE: KENNETH BARKER AND LOIS ANNE BARKER v. ROUND HILL COUNTRY CLUB
ET.AL.  Case No. C08- 02977.

Dear Clerk of the Court,

On June 17, 2008, the undersigned filed Case No. C08- 02977 in the Oakland District
Court, and I was notified that the case had been transferred to the San Francisco Court.

Additionally. each of the defendants were promptly served  with the complaint by a
professional legal service firm.

To date, however, I have not received an answer to the complaint. I understand that an
electronic answer was filed by defendants, however, neither the defendant, nor the court, has provided
me with a copy of the answer. I understand that pursuant to court rules, the defendant must serve me
with a paper copy of the answer, which as stated above, has not been done.

Please promptly order the defendant to provide me with a written copy of it's answer.

Sincerely,

Kenneth Barker.

Kenneth Barker,

Plaintiff In Pro Se.


Copy –William Fiske –Attorneys For Defendants.

3

# **ARCHER**NORRIS

A PROFESSIONAL LAW CORPORATION

2033 North Main Street, Suite 800
Walnut Creek, CA 94596-3759
925.930.6600
925.930.6620 (Fax)
www.archernorris.com

**WILLIAM S. FISKE**
wfiske@archernorris.com
925.952.5451

August 6, 2008

## **VIA FACSIMILE & US MAIL**

Kenneth Barker
2349 Royal Oaks Drive
Alamo, CA 94507

> Re:    Barker, et al. v. Round Hill Country Club, et al.
> U.S. District Court, Case # 3:08-cv-02977-SI
> Our File No.:    R0095-011

Dear Mr. Barker:

My office is in receipt of your letter to the Clerk of the Court filed August 5, 2008.

Your complaint was designated subject to electronic case filing ("ECF") by the Clerk of the Court. This symbol is stamped onto the front of your filed complaint. Additionally, you served with your complaint documents discussing ECF Registration and the ECF status of this case.

Pursuant to the applicable Local Rules of the U.S.D.C. for the Northern District of California and the Court's General Order No. 45, the defendants filed and served a Motion under F.R.C.P. 12. This is the defendants' response to your complaint. It was timely and appropriately served and filed on July 10, 2008.

Please review the following Local Rules and General Order:

### **Local Rules for the U.S.D.C. for the Northern District of California**

### **3-9. Parties.**

**(a) Natural Person Appearing *Pro Se.*** Any party representing him or herself without an attorney must appear personally and may not delegate that duty to any other person who is not a member of the bar of this Court. A person representing him or herself without an attorney is bound by the Federal Rules, as well as by all applicable local rules. Sanctions (including default or dismissal) may be imposed for failure to comply with local rules.

Kenneth Barker
August 6, 2008
Page 2

### 5-4. Electronic Case Filings.

Pursuant to FRCivP 5(d)(3), the Clerk will accept in certain actions documents filed, signed or verified by electronic means that are consistent with General Order No. 45, "Electronic Case Filing." A document filed by electronic means in compliance with this Local Rule constitutes a written document for the purposes of applying these Local Rules and the Federal Rules of Civil Procedure. The Clerk will provide notification in any case in which documents must be filed electronically.

### 5-5. Manner of Service.

...

**(b) Cases Subject to Electronic Case Filing.** In cases subject to the Local Rules or General Orders of this Court regarding Electronic Case Filing, all pleadings and papers must be electronically served in accordance with those Rules or General Orders.

### General Order No. 45, Electronic Case Filing

V. Filing and Service of Documents.

    4. <u>Service and Answer.</u> Upon the filing of a complaint in an action which is subject to ECF, the plaintiff(s) shall serve notice upon the defendant(s) that the action is subject to ECF, and shall serve the ECF handout, received by the filer at the time of opening the case which contains information necessary for registration, together with the complaint. The defendant shall register to become an ECF User following the procedures outlined at the ECF web site if not already registered. If the defendant is a registered ECF User pursuant to <u>Section II.D</u> above, the answer shall be filed electronically. If the defendant is unable to electronically file the answer or other responsive document, it may be filed non-electronically, and the defendant shall within ten days submit the answer or other responsive documents in electronic form (PDF format only), to an e-mail address for that purpose which may be found on the ECF web site, for attachment to docket entries previously made by the Clerk's Office.

VI. Electronic Filing.

    1. <u>Generally.</u> In any case subject to electronic filing, all documents required to be filed with the Clerk shall be filed electronically on the ECF Web site, except as provided otherwise in <u>section VII</u> or authorized otherwise by the court.

    3. <u>Completion of Filing.</u> Electronic transmission of a document consistent with the procedures adopted by the court shall, upon the complete receipt of the same by the Clerk and together with the receipt of a Notice of Electronic Filing from the court, constitute filing of the document for all purposes of the <u>Federal Rules of Civil and Criminal Procedure</u> and the <u>Local Rules</u> of this Court, and shall constitute entry of that document onto the docket maintained by the Clerk pursuant to <u>Federal Rules of Civil Procedure 58 and 79</u>, and to <u>Federal Rules of Criminal Procedure 49 and 55</u>.

Kenneth Barker
August 6, 2008
Page 3


IX.  Service of Electronically Filed Documents

1.  Generally. Parties in cases subject to ECF shall make available electronic mail addresses for service. Upon the filing of a document by a party, an e-mail message will be automatically generated by the electronic filing system and sent to all parties in the case. Receipt of this message shall constitute service on the receiving party. In addition to receiving e-mail notifications of filing activity, the parties are strongly encouraged to check the docket in their case on the electronic filing system at regular intervals. A PACER account will be necessary to check the electronic docket.

2.  Parties in Cases Subject to ECF. The automatic e-mail message generated by the ECF system and sent to all parties whose e-mail addresses have been registered in the case, as described in Section A above, shall constitute service on the attorney or other persons in a case subject to ECF.


Here, upon receipt of your complaint, defense counsel noted that the case you initiated was designated for ECF filing and service by the Court. The defendants filed and served their Motion in response to your complaint pursuant to the aforementioned Local Rules and General Order No. 45. Hence, you were validly and timely served with the defendants' Motion on the date it was e-filed via the ECF system.

Nevertheless, to quash any concerns about improper service to you, a *pro se* litigant, enclosed with this letter is a complete copy of the defendants' Motion filed in response to your complaint and a proof of service. Please note that this mail service is timely pursuant to Local Rule 7-2 given the October 3, 2008 hearing date for this Motion.

We suggest that you request the Court's approval to register for ECF filing, which will make service of future moving papers and other documents much easier for both sides.

Very truly yours,

ARCHER NORRIS

William S. Fiske

WSF/tp
Enclosures (via US Mail, only)
cc:    Hon. Susan Illston (w/o encls.)

R0095011/688911-1





1  Lee A. Archer (Bar No. 038938)
   larcher@archernorris.com
2  William S. Fiske (Bar No. 246099)
   wfiske@archernorris.com
3  ARCHER NORRIS
   A Professional Law Corporation
4  2033 North Main Street, Suite 800
   Walnut Creek, California 94596-3759
5  Telephone:    925.930.6600
   Facsimile:    925.930.6620
6
   Attorneys for Defendants
7  ROUND HILL COUNTRY CLUB, GREG
   GONSALVES, DAVID PLOTNIK, CAROLE
8  CARLUCCIO, PETE DAVIS, MARVIN B.
   STARR, AND MILLER STARR REGALIA
9

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12

13  KENNETH BARKER and LOIS ANNE          Case No. 3:08-CV-02977-SI
    BARKER,

14                                        **PROOF OF ELECTRONIC SERVICE OF**
                  Plaintiffs,             **DEFENDANTS' NOTICE OF MOTION TO**
15                                        **DISMISS PLAINTIFFS' COMPLAINT**
          v.                              **PURSUANT TO FRCP 12(B)(1) AND**
16                                        **12(B)(6), MOTION TO DISMISS AND**
    ROUND HILL COUNTRY CLUB;              **DECLARATION OF WILLIAM S. FISKE**
17  CAROLE CARLUCCIO; GREG
    GONSALVES; DAVID PLOTNIK; PETE        Date:      Friday, October 3, 2008
18  DAVIS; MARVIN B. STARR; MILLER        Time:      9:00 a.m.
    STARR REGALIA; DOES 1 to 50           Dept:      10
19  inclusive,                            Judge:     Hon. Susan Illston

20                Defendants.             Complaint Filed: June 17, 2008

21

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///
    R0095011/679629-1

                        PROOF OF ELECTRONIC SERVICE

## PROOF OF SERVICE

**Name of Action:  Barker v. Round Hill Country Club, et al., U.S. District Court, Northern District of California, Case No. 3:08-CV-02977-SI**

I, the undersigned, declare that I am a citizen of the United States and employed in Contra Costa County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 2033 North Main Street, Suite 800, Walnut Creek, California  94596-3759.  On July 10, 2008, I served a copy of the within document(s):

> **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT [Fed. R. Civ. Pro. 12(b)(1) and 12(b)(6)]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT; DECLARATION OF WILLIAM S. FISKE AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS and [PROPOSED] ORDER DISMISSING PLAINTIFFS' COMPLAINT**

☐　　by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐　　by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Walnut Creek, California addressed as set forth below.

☐　　by placing the document(s) listed above in a sealed Overnight envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Overnight agent for delivery.

☒　　by transmitting by electronic transmission the document(s) listed above to the person(s) set forth below.

Kenneth Barker　　　　　　　　　　　Plaintiffs
Lois Anne Barker　　　　　　　　　　 Phone and Fax: (925) 820-0198
2349 Royal Oaks Drive
Alamo, CA 94507

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on July 10, 2008, at Walnut Creek, California.

_____
Tracy L. Pico

5

# **Pro Se or Pro Per**

Last updated: 05/04/07



---

# Pro Se Litigants in CM/ECF

1. **Pro Se parties** are not required to E-file, and are automatically excused from E-filing.

2. **Here are the steps required for a _pro se_ party to e-file:**

    a. The _pro se_ party must be able to meet all the <u>technical requirements</u>.

    b. The _pro se_ party must abide by all e-filing and other <u>rules and orders</u> of the court.

    c. The _pro se_ party must submit a motion to the court to be allowed to e-file on their case.

    d. **ONLY AFTER** the judge grants the motion **AND** that order appears on the docket may the _pro se_ party submit the registration form located below (do not use the attorney ECF registration process).

3. **What happens next:**

    a. As it states clearly on the registration form, the court must receive both the ink-signed hard-copy and an emailed "soft-copy" of the form. When the registration form is received via email AND delivery (_both_), the ECF Helpdesk will validate the following:

    -- All mandatory fields on the form <u>must</u> be complete.

    -- The _pro se_ party <u>must</u> be listed in ECF on the case mentioned on the form.

    -- The order granting the motion for the _pro se_ party to e-file <u>must</u> already appear on the docket.

    b. The ECF Helpdesk will then process the registration and the _pro se_ party will receive their e-filing password via email about 3 days after the signed registration form has been received at the court.

## GENERAL ORDER NO. 45

### ELECTRONIC CASE FILING

**I.    Rules and Orders.**

A. Authorization. Local Rule 5-4 authorizes electronic filing in conjunction with Federal Rule of Civil Procedure 5(e) and Federal Rule of Criminal Procedure 49(b) and (d). The following policies shall govern electronic filing in this district.

B. Modification by the court. In extraordinary circumstances in a particular case, a judge may modify these policies in the interest of justice.

C. Applicability of Other Rules and Orders. Unless modified by approved stipulation or order of the court or a judge, all Federal Rules of Civil and Criminal Procedure, Local Rules, and orders of the court shall continue to apply to cases which are subject to electronic filing.

**II.   Definitions and Instructions.**

The following definitions and instructions shall apply to these policies regarding electronic filing:

A. The term "ECF" refers to the court's Electronic Case File program.

B. The term "ECF web site" refers to the official Electronic Case File Internet site of the Northern District of California at http://ecf.cand.uscourts.gov.

C. "Electronic Filing" refers to the process of logging in to the court web site and completing a transaction which includes the uploading of the document(s) comprising the filing to the court's system. Sending a document by email does not constitute an electronic filing.

D. The term "party" shall include counsel of record.

E. An "ECF User", as set forth in Section 4 below, is a person who is registered to use the ECF site. An ECF login is an attorney's individual electronic signature equivalent.

F. The "E-Mail Address of Record" is the e-mail address of each party to the case as maintained by the Clerk.

G. A "Notice of Electronic Filing" is generated automatically by the ECF system upon completion of an electronic filing. The Notice of Electronic Filing when e-mailed to the e-mail addresses of record in the case acts as the proof of service.

H. All hours stated shall be Pacific time.

I. All days are calculated according to the provisions of Federal Rule of Civil Procedure 6(a).

J. "PACER" is the Federal Judiciary's system for Public Access to Court Electronic Records. A PACER account is required for retrieving documents from the ECF system as it is for most Judiciary online systems. A firm may register for a PACER account by visiting the PACER Service Center's web site at http://pacer.psc.uscourts.gov.

K. Procedures and instructions for using the Court's ECF system consistent with these policies may be found on the ECF web site. The ECF web site, as well as providing access to filing and retrieval of documents, also contains instructions, a user manual, tutorials, an extensive posting concerned with Frequently Asked Questions ("FAQs"), bulletins of changes in the program, including its software, etc.

L. The term "PDF" refers to Portable Document Format, a specific computer file format which is the only format in which a document may be electronically filed. Information about PDF can be found on the ECF web site. (See also Sec. VI.B.)

**III.    Selection of Cases.**

Except for certain types of cases, all cases shall be presumptively designated for participation in the court's ECF program. A list of the types of cases exempt from e-filing may be found on the ECF web site. In the event that a pro se party obtains counsel in a case which had been excluded from e-filing because of pro se party status, the case will be automatically designated for the e-filing program.

**IV.    Registration, Appearance and Access.**

A. Obligation to Register. Each attorney of record is obligated to become an ECF User and be assigned a user ID and password for access to the system upon notification that the action is subject to ECF. Registration shall be on a form prescribed by the Clerk. Attorneys of record who fail to register timely shall be subject to such sanctions as may be imposed by the Court.

B. Obligation to Keep Account Information Current. An e-filer login account is a permanent, individual electronic signature equivalent for a particular attorney. Registered attorneys are required to keep their account information current. Account information may be updated online at the ECF web site.

C. Notification of Appearance. Because the ECF system's e-mailed Notices of Electronic Filing (see Sec. II.G) will only be delivered to the original addressee, it is important to keep the list of counsel current. Counsel shall follow these instructions:

    1.) A Notice of Appearance should be filed whenever counsel joins a case.

2

**6**

AO 440 (Rev. 03/08) Civil Summons

# UNITED STATES DISTRICT COURT
### for the

#### Northern District of California

KENNETH BARKER & LOIS ANNE BARKER )
_____ )
              **Plaintiff**                )
          v.                               )   Civil Action No.
SEE ATTACHED LIST OF NAMES                 )   C08-02977
_____ )
              **Defendant**                )



### Summons in a Civil Action

To:    SEE ATTACHED LIST OF NAMES
       _____
              *(Defendant's name)*

A lawsuit has been filed against you.

       Within  20  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, whose name and address are:

       KENNETH BARKER & LOIS ANNE BARKER
       2349 ROYAL OAKS DRIVE
       ALAMO, CA    94507

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                        Richard W. Wieking
                                        _____
                                        Name of clerk of court

JUN 1 7 2008

Date: _____          CYNTHIA LENAHAN
                                        _____
                                        Deputy clerk's signature

*(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).)*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA.**

The names of the defendants are as follows:

1 ) ROUND HILL COUNTRY CLUB.

2 ) CAROLE CARLUCCIO.

3 ) GREG GONSALVES.

4 ) DAVID PLOTNIK.

5 ) PETE DAVIS

6 ) MARVIN B. STARR.

7 ) MILLER STARR REGALIA.

8 ) DOES 1 THROUGH 50 INCLUSIVE. These are fictitious names. When real names are ascertained they will be identified and added as named defendants to this lawsuit.