

1  Kenneth Barker and Lois Anne Barker,
2  2349 Royal Oaks Drive,
   Alamo, CA.94507
3  Phone ( 925 ) 820-0198
   Fax    ( 925 ) 820-0198
4

5  Plaintiff In Pro Se.

## UNITED STATES DISTRICT COURT

6

## NORTHERN DISTRICT OF CALIFORNIA

7

8  KENNETH BARKER
        &                                    Case No. C08-02977- SI
9  LOIS ANNE BARKER
        Plaintiffs                           **AFFADAVIT BY KENNETH**
10       v.                                   **BARKER IN SUPPORT OF**
   ROUNDHILL COUNTRY CLUB,                    **MOTION FOR SANCTIONS**
11 CAROLE CARLUCCIO,GREG
   GONSALVES,DAVID PLOTNIK,                   Date:   Friday October 3, 2008.
12 PETE DAVIS, MARVIN B. STARR,               Time:   9:00 a.m.
   MILLER STARR REGALIA, DOES                 Dept:   10
13 1 through 50 inclusive.                    Judge:  Hon. Susan Illston
14       Defendants
                                             Complaint Filed June 17, 2008
15

16    AFFADAVIT OF KENNETH BARKER IN SUPPORT OF  SANCTIONS.
17              STATEMENT OF FACTS

18 Plaintiff Kenneth Barker has filed a Motion for Sanctions against defendant's and their

19 attorneys, Lee Archer and William Fiske in the amount of $50,000.00 each ( to be retained

20 by the court ) , and for plaintiff's estimated  legal fees in the amount of $3,850.00. The

21 basis of the Motion is that on July 10, 2008, defendant's attorney's Lee Archer and William

22 Fiske, fabricated a false, "Proof of Service " which was provided to the court  under

23 penalty of perjury. Thereafter, by letter of August 6, 2008  they repeatedly lied to the court

24 about this matter.

25

26

27

1.

1

2    The motion is is scheduled to be heard on October 3, 2008. Attached hereto, is an Affidavit

3    by Kenneth Barker in support of the Motion for Sanctions

4

5

6    Dated  08/25/08                          *Kenneth Barker* (signature)

7                                             Kenneth Barker, Plaintiff In Pro Se.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

2.

## AFFADAVIT OF KENNETH BARKER

**KENNETH BARKER,** being duly sworn,deposes and says:

1 ) I am a plaintiff in the Racketeering Influence and Corrupt Organizations Act ( RICO )

lawsuit, Kenneth Barker and Lois Anne Barker v. Round Hill Country Club et.al.[ Case

No. C08-02977-SI.]  I am familiar with the facts of this action to obtain sanctions against

defendant Round Hill Country Club, and it's attorneys Lee Archer and William Fiske in the

amount of $50,000.00 each, which amount will be retained by the court.

2 )  On June 17, 2008 plaintiffs filed a RICO complaint against defendants. The Summons

and complaint were served on defendant on June 20, 2008.

3 ) Pursuant to the Summons and Federal Rule of Civil Procedure Rule 12 (a)(1) defendant

must answer the complaint or file a Motion within 20 days of service. The penalty for not

so doing is a judgment by default in favor of plaintiffs.

4 ) Defendant did not answer of file a Motion within the 20 day mandatory time limit,

which constitutes default per se. Plaintiff actually took 48 days to answer the complaint

which is 28 days in default of the mandatory 20 day time limit.

5 ) To cover up it's failure to comply with the 20 day mandatory time limit, defendant and

it's attorneys, Lee Archer and William Fiske, fabricated a false Proof Of Service claiming

that a Motion had been timely served on plaintiff on July 10, 2008 by alleged

"... *electronic transmission* ..."

6 ) Plaintiff in a litigant in *pro se.* Therefore, plaintiff is not required to E-file. Plaintiff is

1

automatically stopped from E-filing, and may not E-file unless plaintiff requests E-filing by filing a Motion with the court. Thereafter, the court must expressly approve the Motion for E-filing and must list plaintiff on the court docket for E-filing.

7 ) Plaintiff did not request E-filing. The court never approved E-filing, nor placed plaintiff on the court's electronic filing system for E-filing. Therefore, it was *impossible* for defendant to serve a Motion on plaintiff by " electronic transmission."

8 ) Noteworthy, other than it's fraudulent claim, defendant did not provide any records for it's alleged " electronic transmission ". These records, if they existed ( they do not exist ) would be readily available from defendants computer records and could be promptly produced for the court. Defendants failure to provide any back up documentation brings into very sharp focus defendant's fraudulent conduct and repeated lies.

9 ) By letter of August 6, 2008, defendant further lied to the court, repeatedly claiming a Motion was timely served on plaintiff on July 10,2008 by " electronic transmission.", which as stated above, was *impossible*.

*10 ) Defendant and it's attorneys Archer and Fiske have a strong monetary motive to fabricate false records and lie to the court.* Their motive was to avoid a judgment by default, and thereafter, avoid paying threefold the damages demanded in the complaint for a total of $1,800,000.00, all as mandated by RICO.

11 ) Defendant and it's attorneys Archer and Fiske fabricated false records and repeatedly lied to the court to avoid the consequences of failing to a respond to the complaint within the mandatory 20 day time limit. *Defendant's conduct is vile, illegal, inexcusable, and outrageous.*

2

12 ) Federal Rules of Civil Procedure, Rule 11(c)(1) provides the court with the authority to impose sanctions for outrageous conduct. ***Clearly, fabricating false evidence and lying to the court undeniably constitutes outrageous behavior.***

13 ) Plaintiff requests the court impose sanctions of $50,000.00 each on defendant and it's attorneys Archer and Fiske for fabricating false records and lying to the court, with the moneys to be retained by the court. Plaintiff, for the reasons set forth above, also requests that Archer and Fiske be barred from practicing law in the Federal Courts.

14 ) This affidavit is made in support of plaintiff's Motion for Sanctions, and if requested, plaintiff can, and will, competently testify on these matters.

Dated: _Aug/23/2008_

Kenneth Barker.

See Attached Loose Certificate

3

# ACKNOWLEDGMENT

State of: CALIFORNIA

County of: CONTRA COSTA

On _Aug. 23, 2008_ , before me, **Laura Zaragoza, Notary Public**

personally appeared

_Kenneth Barker_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

> **LAURA ZARAGOZA**
> Commission # 1527167
> Notary Public - California
> Contra Costa County
> My Comm. Expires Nov 16, 2008

(Seal)

_Laura Zaragoza_
Signature of Notary Public
My Commission Expires: November 16, 2008

---

OPTIONAL

---

Description of Attached Document
Title or Type of Document: _Affidavit of Kenneth Barker_
Document Date: _____
Number of Pages: _____